**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT TAGGART ROETHLE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-00649 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon movant Scott Roethle's motion for appointment of counsel. The motion will be denied, without prejudice.

In the motion for appointment of counsel, movant seeks reappointment of Michelle Nasser of Dowd Bennett LLP, who represented movant under the Criminal Justice Act for the limited purpose of advising movant regarding his direct appeal.[1]

There is neither a statutory nor constitutional right to appointed counsel in proceedings brought pursuant to 28 U.S.C. § 2255. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (rejecting suggestions that a right to counsel on discretionary appeals be established, and explaining "that the right to appointed counsel extends to the first appeal of right, and no further"); *Baker v. United States,* 334 F.2d 444, 447 (8th Cir. 1964) (stating that "a federal convict filing a motion under § 2255 is not entitled, as a matter of constitutional right, to have court-appointed counsel in the preparation and presentation of such a motion in the District Court or the Court of Appeals"). Rather, the Court may appoint counsel in a § 2255 case if the interests of justice so require. *See* 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a)(2)(B); *Hoggard v. Purkett*, 29 F.3d 469,

---

[1]Movant did not ultimately file a direct appeal of his conviction or sentence.

471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action" and that appointment of counsel is reviewed "for abuse of discretion").

Respondent has not yet answered in this case, and no evidentiary hearing has been scheduled. Roethle's motion for appointment will be denied, subject to filing at a later date, if and when such a hearing is scheduled. If this Court determines that an evidentiary hearing should be held, it will appoint counsel for that purpose pursuant to Rule 8(c) of the Rules for Section 2255 Proceedings. However, Roethle is not entitled to the assistance of counsel for the filing of his Section 2255 motion and any reply brief in support.

Accordingly,

**IT IS HEREBY ORDERED** that movant's request for appointment of counsel is **DENIED**.

Dated this 4th day of May, 2026.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

-2-